Cochrane, J.:
Plaintiff recovered a judgment for the purchase price of varnish sold and delivered to defendants. The defense is that the -contract of purchase was an entire one and not severable, and that the plaintiff failed to deliver the full amount purchased.
The order was for one hundred and twenty gallons Supremis var *377 nish at two dollars and fifty cents' per gallon; twelve gallons of Navalite at four dollars per gallon, and twelve gallons of Architectural Coach at two dollars per gallon, less discount. The delivery was of twenty-one gallons of Supremis and twelve gallons of Navalite and plaintiff lias recovered for the quantity so delivered.
Before considering the facts it may be well to have in mind the legal principles applicable to the question of a divisibility of a contract. In Parsons on Contracts (Vol. 2 [8th ed.], p. 634) it is said : <e Ho precise rule can be given by which this question in a given case may be settled. Like most other questions of construction it depends upon the intention of the parties, and this must be discovered in each case by considering the language employed and the subject-matter of the contract. If the part to be performed by one party consists of several distinct and separate items and the price to be paid by the other is apportioned to each item to be performed or is left to be implied bylaw such a contract will generally be held to be severable. And the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed although the latter is in its nature single and entire.”
In Clark on Contracts (2d ed. p. 453) it is said: “ The question of divisibility is difficult, and this difficulty has resulted in a direct conflict in the decisions. The question is one of construction,
‘ The contract may be entire or severable, according to the circumstances of each particular case,’ it has been said in speaking of contracts of sale, 6 and the criterion is to be found in the question whether the whole quantity —• all the things as a whole — is of the essence of the contract. If it appear that the purpose was to take the whole or none, then the contract would.be entire ; otherwise it would be severable. * * * “ on the whole, the weight of opinion and the more reasonable rule would seem to be that, where there is a purchase of different articles, at different prices, at the same time, the contract would be severable as to each article, unless the taking of the whole was rendered essential either by the nature of the subject-matter or by the' act of the parties.” This rule makes the interpretation of the contract depend on the intention of the parties as manifested by their acts, and by the circumstances of each particular case.’ ”
Let us now consider the facts in the light of the foregoing prin *378 ciples. Defendants are retail dealers' in Albany. ' Plaintiff 'is a jobber in New York. All the- negotiations" were by letter. On November 20,1907, plaintiff wrote the defendants saying they Were able to offer the Chicago Varnish Company’s varnishes at less' than the usual cost owing to the discontinuance of the- house furnishing department of one of the department stores which plaintiff represented, and concluding: “ Let us hear from you what items of the Chicago Varnish Company’s products you want as the goods are going fast.” Defendants, answered that they could give an order if the prices were right and asking for plaintiff’s best offer. To ' this on November twenty-second plaintiff wrote saying: “We have your favor of Nov. 2lst, in which you • inquire our confidential price on the Chicago Varnish Co.’s products. (Then follow prices.) " Our cash terms- are 6 per cent,"ten days, F. O. B. New York. Inasmuch as these' goods are selling fast with us, and - as our ' supply is for the time being only, we Suggest that you place an order for as large a quantity as- possible, as this Opportunity may not occur again.” November twenty-third' defendants replied: “Enclosed please find our order-No. 6368 as peryour letter of Nov. 22d. In our last -letter we asked you to advise us what other lines you carry and will be pleased'to hear further from you.” The above italics are mine. The order in question was inclosed in the "letter of November twenty-third, specifying as above stated three separate kinds of varnish with the price per gallon for each different kind and concluded with the words: “ As per your letter Nov. 22/07.” The letters arid,order, therefore, constitute the com tract. - Plaintiff acknowledged receipt of the order and-sent a part only of the varnish so ordered whicli'is the subject of this action and said in its letter: “We will ship the balance of your-order in a few days.” The letter inclosed an invoice of the goods shipped, which invoice stated: “ Ternas, 6 per cent, 10 days, F. O. B. N. Y.” All of the letters, and the invoice had on-them the' words in capital letters “ Strictly Confidential.” Defendants acknowledged receipt of the last letter and invoice and said ': “ Payment will be made on your invoices within ten days from the date of last shipment completing this Order.” November twenty-ninth plaintiff-replied to this saying that such payment would not be satisfactory as it might be a week or so before they could complete the order and' cdntinu *379 ing as follows: “ In view of the fact that our quotation to )rou is considerably less than the Mfr’s price, you can readily understand that our quotation is for cash within ten days from the date of invoice, and that we shall expect a remittance for the bill we have already rendered within ten days from the date thereof.” One of the- defendants as a witness says he replied to that letter and produced his reply which made no protest whatever to plaintiff’s insistence on payment for the part already delivered. It acknowledged receipt of the goods and complained that several cans were leaking and had been carelessly packed. On December thirteenth plaintiff wrote asking for check as “ the time covered by the cash discount has expired,” and saying: “ We have already remitted to our clients: for the shipment and considering the low price at which the goods were sold you, we trust you will favor us with a prompt remittance.” Defendants thereupon replied insisting upon the shipment-of the remaining varnish, and two or three days later plaintiff wrote that it had just been informed that the concern in Kansas City on whose account the goods were sold was unable to supply any'more.
I am of the opinion that applying the legal principles above set forth the contract was severable. The goods ordered had no reference to each other nor did they have any reference to any particular or common object to which they were to be dévoted. But they' were ordered by defendants for the purpose of selling to different customers. It was not a condition of the. purchase that they should be delivered together nor was there a word said as to when they should be delivered. The law will probably imply delivery within a reasonable time. But it was strictly proper for plaintiff to deliver different parts of the varnish at different times and the contract expressly said: “ Terms, 6 per cent, 10 days, F. O. B. FT. Y.” Hence it would seem that if plaintiff saw fit to make deliveries at different times the corresponding payments would fall due at different times and defendants might under their contract be called upon, to pay for part before they received the whole. .Furthermore here was a limited supply. Plaintiff could not go out in the market and furnish these brands of varnish. They were buying -the product of. the Chicago Varnish Company, the supply of which was limited and defendants understood-tliat the goods were fast disappearing and that they might not be able to have their order tilled because *380 the supply was for “ the time being only,” and the goods were “ selling fast,” I think, therefore, they gave their order subject to the condition that plaintiff might not be able to entirely fill it. Again, there was no contract until plaintiff accepted defendants’ order, which was done by letter inclosing invoice for the goods simultaneously shipped, which invoice stated in effect that, payment of the part so shipped was to be made in ten days independently of those which were to follow.
■ Tinder the principles quoted from the text boobs above each case must be determined with reference to its particular facts and it is a question of intention. In Ming v. Corbin (142 N. Y. 341) it was said on this question : “ If the intention of the parties was not clear it was proper to submit the question to the jury.” Defendants,rely with confidence on Baker v. Higgins (21 N. Y.397), but in' that case there was nothing but the order itself and the negotiations and correspondence reflecting light on the intention of the parties were not in evidence as here. That case was decided by a closely divided court,, and' is I think distinguishable. If, as all the authorities seem to agree, it is a question of intention, then I think such intention in this ca.se was fairly a question of fact and the two courts below having decided that the .parties did not in tend an entire and indivisible contract their Conclusion should not be disturbed.
The judgment, should be affirmed,, with costs.
Judgment iinanimously affirmed, with costs.